### SALVATORE SAPIENZA, PLAINTIFF, v. JULIUS DOBRSKY ET AL., DEFENDANTS.

Decied January 25, 1932.

For the defendants, *Biro & Strell* (*B. Bayard Strell,* of counsel).

For the plaintiff, *Milton M. Unger* (*Leonard J. Emmerglick,* of counsel).

SMITH, C. C. J. This action was brought by the plaintiff to recover damages for personal injuries against the defendants Edward H. Marck, who was the driver of the car involved in the accident, and against Julius Dobrsky and Louis Dobrsky, partners, trading as the Harrison Auto Repair Company, as the owners of the car involved in the accident, it being claimed that the car was engaged in their business and operated by their servant at the time of the accident. The jury returned a verdict against all the defendants, and motion is now made on behalf of the Dobrsky brothers to set aside this verdict on the ground that it is against the weight of the evidence in that the evidence shows that they had disposed of the car to the defendant Marck, and that he was not engaged in their business at the time of the accident.

The car in question bore the dealer's license plates of the Dobrsky brothers, and it appears that it was originally owned by them, they having bought it in June, 1929, and the accident having happened on August 17th, 1929. The testimony bearing on the question of ownership and the relationship of the driver to the owner was given by the three defendants, Marck and the two Dobrsky brothers.

There was evidence to show that Marck worked for the partners, but it was claimed that he was an independent contractor. It appeared that he would spend considerable time working on cars in the place of business of the other defendants. There was also evidence to show that the car was garaged for a time, at least, at the Dobrsky garage; and it also appeared that the defendant Marck drove from the garage of the defendants Dobrsky the night before the accident and that he was on his way to their garage in the morning at the time of the accident with the intention of doing work at their place. There was also evidence to show that after the time that it was claimed that Marck had bought the car he did the repair work upon it at the Dobrsky place of business. There was also evidence to show that the business the Dobrsky brothers were engaged in was that of reconditioning damaged and second-hand cars, including the bodies.

There was no explanation of why they should sell to Marck

this car which they had purchasesd in a damaged condition and let him recondition it at their garage instead of employing him to do the reconditioning work. There was evidence given by Julius Dobrsky that the books of the Dobrsky brothers would show the sale, and these books were not produced, although it is not claimed that they were missing.

There was also the testimony of Officer Shell which shows that Marck, in making a report of the accident, stated to him that the car was owned by the Harrison Auto Repair Company. ·

The veracity of the three defendants was directly put at issue on material points; Marck's was put directly at issue on the question of the accident, and the veracity of the three defendants was put at issue on the question of the uses of the license plates. Marck claimed that he had the car at home and used it from time to time, and that no other license plates were on it; both of the Dobrsky brothers testified that there was only one occasion when the plates were lent, and that that was on the day before the accident, and that they were lent for the purpose of permitting Marck to demonstrate the car to someone. It also appeared that the car stood out either in the yard or in front of the Dobrsky brothers garage. We also have the fact that the Dobrsky brothers, by their original answer, admitted that they were the owners of the car.

It was for the jury to say how much credence it would put in their testimony. They had the right to reject it in whole or in part and to hold that the presumption arising from the fact that the license plates were those of the defendants Dobrsky brothers, indicated that the car was their car and that it was being operated on their business.

The cases which hold that where the veracity of the defendant is put at issue it is open for the jury to find in favor of the legal presumption from the license plates, are as follows: *Crowell* v. *Padolsky,* 98 *N. J. L.* 552 (at *p.* 553); *Tischler* v. *Steinholz,* 99 *Id.* 149 (at *p.* 153); *Nichols* v. *Grunstein,* 105 *Id.* 363 (at *pp.* 365, 366); *Hart* v. *Brusnaham, 5 N. J. Mis. R.* 469 (at *p.* 470), and *Gustin* v. *Callandriello,* 7 *Id.* 114 (at *p.* 115).

It appears to me that it was clearly a jury question as to whether or not this car was owned by the defendants Dobrsky brothers and being operated by them in their business at the time of the accident, and the jury having held in favor of the plaintiff, I do not feel that its finding is contrary to the weight of the evidence.

The motion for a new trial will therefore be denied.